IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESMOND SHEPPARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-641 (JLH) |
| | ) |
| TODD CONNER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

In this case, *pro se* Plaintiff Desmond Sheppard, who had been represented in multiple state criminal proceedings by the Delaware Office of Defense Services (ODS), asserts federal and state law claims against ODS employees, Defendants Todd Conner, Daniel A. Strumpf, Denise Matz, and Kevin O'Connell. (D.I. 5.) Presently pending before the Court are Defendants' motion for summary judgment (D.I. 35), Plaintiff's motion for summary judgment (D.I. 37), and Plaintiff's motion for acceptance of untimely filings due to excusable neglect (D.I. 44).

    1.    On October 2, 2023, Plaintiff filed his Amended Complaint against Defendants. (D.I. 5.) The Amended Complaint asserts civil rights violations, under 42 U.S.C. § 1983, and state law claims, arising from the following uncontested facts. Plaintiff asked Defendants numerous times for copies of law enforcement body camera videos from Plaintiff's ODS case files. Before 2024, Defendants told Plaintiff that these video records were destroyed per their office's retention policy, but then in 2024, Defendants located a number of videos and provided them to Plaintiff. Plaintiff has provided no evidence that any videos were actually destroyed, nor has Plaintiff provided evidence to suggest the existence of any videos that have not been turned over to Plaintiff.

1

Defendants have moved for summary judgment on all counts based on immunity and other grounds.

2.  A party may move for summary judgment under Federal Rule of Civil Procedure 56. Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is only genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). Rather, "the judge must ask himself whether a fair-minded jury could return a verdict for the [claimant] on the evidence presented" given the substantive evidentiary burden that applies in the case. *Anderson*, 477 U.S. at 252. "[W]here a non-moving party fails sufficiently to establish the existence of an essential element of its case on which it bears the burden of proof at trial, there is not a genuine dispute with respect to a material fact and thus the moving party is entitled to judgment as a matter of law." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (citing *Lauren W. v. DeFlaminis*, 480 F.3d 259, 266 (3d Cir. 2007)).

3.  Summary judgment will be entered for Defendants as to the Delaware state law claims. These claims fail for several reasons. For one, all of Plaintiff's state law claims against Defendants in their official capacities are barred by sovereign immunity. *Thompson v. State of Delaware Dep't of Servs. for Child., Youth & Their Fams.*, 44 F.4th 188, 200 (3d Cir. 2022). As there is no evidence in the record to suggest that Defendants acted without good faith or with gross or wanton negligence, the state law claims are also barred by state statutory immunity. 10 Del. C. § 4001. In addition, in Delaware, legal action to recover and replevin public records must be

initiated by State agency administrative officers and the Delaware Public Archives, through the Delaware Attorney General. *See* 29 Del. C. § 518. No private right of action for citizens is included in § 518, so Plaintiff cannot successfully sue for violations of this statute. Nor has Plaintiff provided evidence to support his assertion that any of the named Defendants acted fraudulently or negligently with respect to the videos in his case files or their interactions with Plaintiff. (*See* D.I. 29-2; D.I. 29-5.)

4.  Summary judgment will be entered for Defendants as to Plaintiff's § 1983 claims. "[P]ublic defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys." *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Nothing in the record suggests that Defendants acted outside the scope of a criminal defense attorney's traditional function. What's more, the facts alleged do not amount to violations of the Fourth or Fourteenth Amendments.

6.  For the above reasons, the Court GRANTS Defendants' motion for summary judgment (D.I. 35) and DENIES Plaintiff's motion for summary judgment (D.I. 37).

7.  Plaintiff's motion for acceptance of untimely filing (D.I. 44) is GRANTED in that the Court considered Plaintiff's three-day-late answering brief (D.I. 40) and six-day-late motion for summary judgment (D.I. 37) in rendering this Memorandum Order.

8.  The Clerk of Court is directed to enter Judgment for Defendants and to mark the case closed.

Dated: September 18, 2025

                                                                    _____
                                                                    The Honorable Jennifer L. Hall
                                                                    United States District Judge